Senator Jerry D. Jewell State Senator 1813 Pulaski Street Little Rock, AR 72201
RE: Tax Sheltered Annuities
Dear Senator Jewell:
Your request for an official Attorney General's opinion pertaining to the above captioned matter presents the following question which is repeated verbatim as follows:
 "The federal law provides certain tax benefits for employees of non-profit and public service organizations and institutions. The specifics are that they have to be payroll deducted."
 "The central core of my request is whether employers categorized (in the above paragraph) can make deductions only for insurers that they endorse."
The relevant provision of State statutory law is found at Ark. Stat. Ann. 12-1618, et seq., wherein deferred compensation is authorized in the form of variable life insurance or annuity contracts.
Ark. Stat. Ann. 12-1618 states:
 Deferred compensation authorized — Variable life insurance or annuity contracts. — The state or any county, city, town, or other political subdivision may, by contract, agree with any employee to defer, in whole or in part, any portion of that employee's furture (sic) compensation and may subsequently, in its sole discretion, contract for purchase, or otherwise procure a fixed or variable list insurance or annuity contract or contracts pursuant to a deferred compensation program for the employee, from any life insurance agency duly licensed by this state who represents an insurance company licensed to contract business in this state, which offers life insurance and both fixed and variable annuity contract, and which has signed a master agreement with the administrator of the plan.
Ark. Stat. Ann. 12-1620 states:
 Deferred compensation — Administered by employees insurance advisory committee — Regulations — Procedure. — The administration of the State government employees' deferred compensation program shall be under the direction of the State Employees Insurance Advisory Committee; and administration of other deferred compensation programs authorized by this Act [12-1618 — 12-1626] shall be under the direction of the appropriate officer designated by the county, city, town or other political subdivision. The State Employees Insurance Advisory Committee, or the appropriate officer designated by the county, city, town, or other political subdivision, is hereby authorized and empowered to promulgate any and all regulations deemed necessary to carry out the intents and purposes of this Act. Deferrals of income shall be made, in each instance, by the appropriate disbursing officer. The administrator of the deferred compensation program may contract with a private corporation or institution for providing consolidated billing and other administrative services [Acts 1975, No. 669, 3, p. 1831, 1977, No. 937, 2, p. 2342.]
Ark. Stat. Ann. 12-1624 states:
 Liability of state or political subdivisions under deferral program — The financial liability of the state, county, city, town, or other political subdivision under a deferred compensation program authorized by this Act [12-1618 — 12-1626] shall be limited in each instance to an amount determined by reference to the value of the particular contract or contracts which may have been purchased with respect to any employee and any amounts deferred but not expended in purchase of such contracts. [Act 1975, No. 669, 7, p. 1831.]
Due to the requirements set forth above of execution of a master plan; the power of the State Employees' Insurance Advisory Committee and the administrator of other deferred compensation plans to promulgate rules and regulations; and the liability provisions imposed by 12-1624, it must be concluded that such employers can make deductions only for insurers that they endorse.
The foregoing opinion which I hereby approve was prepared by Deputy Attorney General Dan Kennett.